UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVONTA MELVIN ROWLAND,

    Plaintiff,

    v.

UNITED STATES DISTRICT COURT,

    Defendant.

Civil Action No. 13-1491 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff Davonta Rowland brings this action against the "United States District Court." Although largely incomprehensible, the half-page Complaint appears to voice dissatisfaction with the decisions of U.S. District Judge Richard Leon, who dismissed two of Plaintiff's *pro se* federal cases. See Rowland v. U.S. Dept. of Justice, No. 12-1851; Rowland v. Nat'l Gallery of Art, No. 12-1430. He claims Judge Leon "ignored the constitution and is responsible for abuse of process without due process." Compl. at 1. His suit seeks $26 billion in damages.

The most basic reason why this suit may proceed no farther is the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The purpose of the doctrine is to "protect judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been

1

done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citation and internal quotation omitted).

The Complaint must thus be dismissed. An Order so ruling will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 1, 2013